**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JUNE HILL,
    Plaintiff,                                    Civil Action No.1:11-cv-830

    vs.                                          Spiegel, J.
                                                        Bowman, M.J.

CITY OF CINCINNATI, et al,
    Defendants.

**REPORT AND RECOMMENDATION[1]**

This case is presently before the Court on Plaintiff's *pro se* motion for a temporary restraining order restraining Defendants "from issuing fraudulent moving citations" against Plaintiff and others. (Doc. 2). The parties appeared, by telephone, at an informal hearing on Plaintiff's motion on December 22, 2011. Having fully considered the pleadings and the arguments of the parties, the undersigned herein recommends that Plaintiff's motion for a temporary restraining order be DENIED.

**I. BACKGROUND AND FACTS**

Plaintiff, June Hill, brings this *pro se* action under state and federal law for alleged civil rights violations committed by Officers of the City of Cincinnati Police Department.[2] The facts alleged in Plaintiff's motion for a TRO and supporting affidavit are summarized as follows:

Plaintiff is an African-American taxicab driver operating in Cincinnati, Ohio. Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff initiated this action on November 28, 2011 by filing a motion for leave to proceed *in forma paupris*. (Doc. 1). Plaintiff's IFP motion was granted and the complaint filed on December 22, 2011. (Docs. 3, 4).

motion asserts that on November 2, 2011, Plaintiff parked her taxicab on Second Street, near Paul Brown Stadium.

While she was parked on Second Street, she was approached by City of Cincinnati Police Officer Steven Hoerst, who announced to all taxi drivers that they would no longer be able to park on Second Street during Cincinnati Bengals football games. Plaintiff did not move her taxi and asked Officer Hoerst for his badge number. Plaintiff asserts that Officer Hoerst then became enraged and demanded that she surrender her driver's license to him. Officer Hoerst ordered Plaintiff not to move while he took her driver's license and disappeared to an undisclosed area for approximately thirty to forty minutes. Plaintiff then called 911 for supervisory assistance. Plaintiff alleges next that Officer Hoerst returned with Plaintiff's citation and ordered Plaintiff to leave the area. Officer Hoerst cited Plaintiff for a traffic light violation and failing to follow P/O signals. Plaintiff further alleges that Officer Hoerst told supervision "not to show up." The citations were ultimately dismissed.

Plaintiff fears that she will encounter Officer Horst at the remaining two Bengals home games and her general freedom and safety will be endangered. As such, Plaintiff filed the instant motion asking the Court to issue a temporary restraining order, preliminary injunction and permanent injunction retraining Defendants from:

> Issuing fraudulent citations that are against the rule of law.
>
> Seizing the Plaintiff in violation of the Fourth Amendment of the United States Constitution during the issuance of said fraudulent citations.
>
> Interfering with Plaintiff's right to work peaceably without undo interference.

(Doc. 2, Ex. 1).

The Court held a telephone conference, which was converted to a hearing, on

Plaintiff's motion on December 22, 2011. At the conference, the Court was informed that Plaintiff was cited on October 2, 2011, and not November 2, 2011, as alleged in Plaintiff's motion.[3] Notably, Plaintiff purportedly filed a complaint with the Cincinnati Police Department relating to the citation she received from Officer Hoerst on October 2, 2011. In response to her complaint, as well as complaints from other taxi drivers, the Cincinnati Police Department issued an email directive to several taxi drivers, including Plaintiff, stating that "Taxi Cabs are permitted to pick up fares on 2nd street East of Elm." (Doc. 2 at 6). At the time he issued the citation to Plaintiff, it appears that Officer Hoerst was told by another officer that he was to enforce the "no parking zone." Counsel for the City indicated that Officer Hoerst is now aware of the City's policy relating to taxi cab drivers parking on Second Street to pick up fares. There have been several home Bengals games since Plaintiff was issued a citation on October 2, 2011. Plaintiff represented to the Court that she has had no additional issues with Officer Hoerst citing her during those games.

## II. STANDARD OF REVIEW

Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant caries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)).

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the

---

[3] Plaintiff's complaint, filed after the Court's telephone conference with the parties, properly identifies October 2, 2011 as the date Plaintiff was cited by Officer Hoerst. (Doc. 4 at ¶ 7).

merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).

### III. ANALYSIS

Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. She has not shown a strong likelihood that she would prevail on her claims, nor has she alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to her if the injunction is not issued.

To the contrary, Plaintiff has already received the remedy requested in the TRO. As detailed above, at the time Plaintiff was issued a citation in October 2011, it appears that Officer Hoerst was told by another officer that he was to enforce the "no parking zone." After the issuance of Plaintiff's citation, the City of Cincinnati issued a directive that taxi cab drivers are permitted to park on Second Street, east of Elm Street during Bengals games. Since the City's directive was issued, Plaintiff represented to the Court that she has not received any additional citations from Officer Hoerst.

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore

**RECOMMENDED** that Plaintiff's motion (Doc. 2) be **DENIED**.

                                                               s/ Stephanie K. Bowman
                                                               Stephanie K. Bowman
                                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JUNE HILL,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al,
    Defendants.

Civil Action No.1:11-cv-830

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).