**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JUNE HILL,

    Plaintiff,                                    Civil Action No.1:11-cv-830

    vs.                                          Spiegel, J.
                                                      Bowman, M.J.

CITY OF CINCINNATI, *et al*,

    Defendants.

### REPORT AND RECOMMENDATION[1]

This civil action is before the Court on the City of Cincinnati's ("City") motion to dismiss Plaintiff's claims asserted against it (Doc. 10), and Plaintiff's memorandum *contra*. (Doc. 14). The City's motion to dismiss has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I now recommend that the City's motion to dismiss should be **GRANTED**.

**I. BACKGROUND AND FACTS**

Plaintiff, June Hill, brings this *pro se* action under state and federal law for alleged civil rights violations committed by the City of Cincinnati and Officers of the City of Cincinnati Police Department.[2] Plaintiff is an African-American taxicab driver operating in Cincinnati, Ohio. (Doc. 4). According to the Complaint, while on duty as a taxi cab driver,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff initiated this action on November 28, 2011 by filing a motion for leave to proceed *in forma paupris*. (Doc. 1). Plaintiff's IFP motion was granted and the complaint filed on December 22, 2011. (Docs. 3, 4).

Plaintiff alleges that City of Cincinnati Police Officers Stephen Hoerst and Dennis Zucker frequently harassed her and issued her fraudulent parking citations. During an encounter with Defendant Hoerst, Plaintiff asserts that she called 911 for additional police supervision. (Doc. 4). Plaintiff alleges that the City "failed to properly respond to a valid call for supervisory assistance" and "failed to properly monitor officers who write fraudulent citations." (Doc. 4 at ). As a result, she asserts that she is being "targeted for retaliation for [her] activities in seeking justice for [herself] and others in the field of civil rights." She claims that "the refusal to properly respond to legitimate 911 calls" violates her right to Equal Protection. Construed liberally, it appears that Plaintiff is asserting two claims against the City of Cincinnati: (1) denial of equal protection and (2) deprivation of due process. The City of Cincinnati now moves to dismiss those claims.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*,

550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly,* 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008).

**III. ANALYSIS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Sigley v. City of Parma Hts.,* 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)). A municipality is a "person" for purposes of section 1983, *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 690 (1978), and may be sued directly if the municipality caused a constitutional deprivation such that "it can be fairly said that the city itself is the wrongdoer." *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 122 (1992). The municipality, through its deliberate conduct, must be the moving force behind the constitutional deprivation. *Polk County v. Dodson,* 454 U.S. 312, (1981). To impose section 1983 liability on a municipality, the plaintiff must identify a policy or custom that caused the plaintiff's injury. *Board of County Commissioners of Bryan County, Okl. v. Brown,* 520 U.S. 397(1997); *Monell,* 436 U.S. at 694.

A plaintiff may prove the existence of a policy or custom in four ways:

The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom

of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), cert. denied, 546 U.S. 814 (2005).

In this case, Plaintiff alleges that the City of Cincinnati "fail[ed] to properly respond to a valid call for supervisory assistance by Plaintiff" in violation of her constitutional rights under the Equal Protection Clause. (Doc. 4). Plaintiff further alleges that the City failed to "properly monitor officers who write fraudulent citations . . . which shows deliberate indifference to the rights of citizens in this area." (Doc. 4 at 11). These conclusory allegations, however, fail to state an Equal Protection or Due Process claim against the City of Cincinnati.

The Fourteenth Amendment's Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To prevail on a § 1983 claim for an equal protection violation on the basis of race, the plaintiff must show intentional discrimination because of membership in a particular class or group singled out for discriminatory treatment, not merely that she was treated unfairly from an individual perspective. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 342 (6th Cir. 1990).

As noted by the City, aside from the fact that Plaintiff is African American, Plaintiff's Complaint does not include any specific allegations that she was treated differently from other similarly situated non-protected individuals. Thus, Plaintiff's complaint fails to contain

sufficient factual allegations to state an Equal Protection claim against the City "that is plausible on its face." *Iqbal* at 199. As such, Plaintiff's Equal Protection claim fails to state a claim for relief upon which relief may be granted, and is therefore properly dismissed.

Furthermore, there are no factual allegations to support a claimed deprivation of due process. As noted above, Plaintiff asserts that the City failed to monitor officers who write fraudulent citations and that this failure to monitor constituted deliberate indifference. However, Plaintiff's complaint fails to state a claim for relief against the City of Cincinnati for a denial of due process because Plaintiff has not identified the policy, custom, or practice of the City of Cincinnati that directly caused the injury she suffered. *Monell*, 436 U.S. at 690. Plaintiff has not alleged specific facts showing the City maintained a policy or custom of failing to monitor Police Officers' issuance of parking citations. At a minimum, Plaintiff must allege facts showing "the existence of a clear and persistent pattern of illegal activity" or facts showing the City was aware of prior unconstitutional actions by members of its police force but failed to thoroughly and fairly investigate other citizen complaints about such actions. *Thomas*, 398 F.3d at 429; *see also Miller v. Calhoun County*, 408 F.3d 803, 815 (6th Cir. 2005). The only facts alleged by Plaintiff relate to her individual circumstances involving her complaints relating to the incidents involving Officers Hoerst and Zucker.[3] Accordingly, Plaintiff's conclusory allegations against the City do not state a plausible claim for relief against the City. *Twombly*, 550 U.S. at 555.

---

[3] Additionally, the Supreme Court has held that proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 811-12 (1985). Here, Plaintiff's allegations involve two incidents relating to two different Police Officers. Such allegations are insufficient to establish municipal liability under *Monell.*

### III. CONCLUSION

Based on the foregoing, the undersigned concludes that the motion to dismiss is well-taken. It is therefore **RECOMMENDED** that the City of Cincinnati's motion to dismiss (Doc. 10) be **GRANTED,** and the City of Cincinnati be **TERMINATED** as a Defendant in this case.

          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JUNE HILL,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al,
    Defendants.

Civil Action No.1:11-cv-830

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).