**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JUNE HILL,
    Plaintiff,                                   Civil Action No.1:11-cv-830

    vs.                                            Spiegel, J.
                                                    Bowman, M.J.

CITY OF CINCINNATI, et al,
    Defendants.

**REPORT AND RECOMMENDATION[1]**

This case is presently before the Court on Plaintiff's *pro se* motion for a temporary restraining order restraining Defendants Zucker from taunting, threatening and endangering Plaintiff. (Doc. 39). A hearing was held on the motion on January 8, 2013. Having fully considered the pleadings and the arguments of the parties at the hearing, the undersigned herein recommends that Plaintiff's motion for a temporary restraining order be DENIED.

**I. BACKGROUND AND FACTS**

Plaintiff, June Hill, brings this *pro se* action under state and federal law for alleged civil rights violations committed by Officers of the City of Cincinnati Police Department. Plaintiff is an African-American taxicab driver operating in Cincinnati, Ohio. The facts alleged in Plaintiff's motion for a TRO and supporting affidavit are summarized as follows:

1.    October 24, 2012 I was traveling northbound on Elm Street between 4th and 5th Streets in the City of Cincinnati.

2.    As I traveled northbound on Elm Defendant Dennis Zucker drove alongside the outer lane on Elm Street and forced his way into the lane I was driving; stopping suddenly without warning.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

      3.      At no time did Defendant Zucker indicate through using his lights or siren that he wanted me to stop.

      4.      Defendant Zucker then accused me of almost causing an accident.

      5.      Defendant Dennis Zucker wrote a parking violation against my vehicle, a copy of which is attached to this document.

Plaintiff's hearing brief as well as her testimony at the hearing further assert that Defendant Zucker failed to properly stop Plaintiff's vehicle in violation of the guidelines set forth by the Cincinnati Police Division. Plaintiff asserts that cutting her off in moving traffic without the benefit of lights, sirens or a horn endangered her safety and the safety of others. Plaintiff further asserts that Officer Zucker stopped her vehicle in retaliation for the previous complaints she has filed against him.

With respect to the October 24, 2012 incident, Officer Zucker testified that he observed a taxi parked illegally outside the cab stand on Elm Street between 4th and 5th Streets. The area is clearly marked with a signed stating "no stopping, standing or parking." As he approached the taxi, the taxi darted out into moving traffic. Officer Zucker stopped the vehicle and issued Ms. Hill a citation for being illegally parked outside the zone of the taxi stand. Officer Zucker testified that he did not know it was Ms. Hill driving the vehicle in question until he got out of his car to give her the citation.

## II.  STANDARD OF REVIEW

Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant caries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch.*

*Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)).

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).

### III. ANALYSIS

Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. She has not shown a strong likelihood that she would prevail on her claims. Notably, with respect to her retaliation claim, Plaintiff admitted that hearing that Officer Zucker did not know it was her when he pulled her vehicle over. Although Plaintiff did present some evidence that she could suffer harm if the if the injunction is not issued; the analysis of the last two factors weigh heavily against the issuance of a temporary restraining order. As a police officer, Defendant Zucker has a duty to enforce the law and to patrol the area in question. If Officer Zucker is enjoined from citing vehicles that are illegally parked, he his unable to properly perform his sworn duties. As such, the general public would suffer substantial harm. Thus, the public interest is not served by the issuance of the injunction as requested by Plaintiff.

In light of the foregoing and in consideration of the relevant factors, the undersigned

concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 39) be **DENIED**.

          s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JUNE HILL,
    Plaintiff,                                         Civil Action No.1:11-cv-830

    vs.                                                Spiegel, J.
                                                     Bowman, M.J.

CITY OF CINCINNATI, et al,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).