UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUNE HILL,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al,
    Defendants.

Civil Action No.1:11-cv-830

Spiegel, J.
Bowman, M.J.

### ORDER

This matter is before the Court on Plaintiff's motion to compel (Doc. 45) and Defendant's memorandum *contra*. (Doc. 47). Plaintiff seeks an Order compelling Defendant Zucker to fully respond to her interrogatories. As fully explained below, Plaintiff's motion is not well-taken.

Denial of the instant motion to compel is warranted due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a) provides, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." The rules also empower the Court

to order the offending party to pay the movant's reasonable expenses incurred in making a motion to compel discovery. However, "the court *must not* order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. . . ." Fed. R. Civ. P. 37(a)(5)(A)(i) (emphasis added).

Plaintiff's motion fails to include the necessary certification that she conferred or attempted to confer with Defendant Zucker about the instant discovery dispute prior to filing its motion to compel with the Court. Nor is there any indication from Plaintiff's motion or memorandum in support that the parties attempted to resolve any dispute prior to the filing of the motion and seeking the Court's intervention. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court. F.R. Civ. P. 37(a)(1)." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). *See also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court.").

Accordingly, based on the foregoing, Plaintiff's motion to compel (Doc. 45) is herein **DENIED.**

**IT IS SO ORDERED.**

                                               *s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge